Frederick J. Tedeschi, Esq. Informal Opinion Village Attorney No. 97-25 Village of Dering Harbor, Inc. P. O. Box 321 Greenport, N Y 11944
Dear Mr. Tedeschi:
You have asked whether the village may "opt out" of the school district where it currently is located and set up a fund to finance the education of any children who may live in the village in the future. In a telephone conversation, you explained that the village is located entirely within the Shelter Island School District. You note that many of the village residents are senior citizens or part-time residents and state that for many years there have been no school-age children in the village, yet more than 60 percent of the average local real estate tax bill is attributable to school taxes. In light of what you describe as the heavy tax burden placed on village residents, you ask whether there is a mechanism whereby the village residents could stop paying school taxes to the school district and set up a fund for financing the education of any children who may live in the village in the future. You state that such a fund would be used to send the children to private or public schools.
We are aware of no authority for such action. The sections of the Education Law that govern the creation, dissolution and alteration of boundaries of school districts make no provision for a municipality to remove itself from one school district and remain independent of any other school district. While a municipality may, if it meets specific requirements, form its own school district, see, Education Law Article 31, it cannot simply "opt out" of any district. Moreover, municipalities have no power to supersede State law regarding the maintenance, support and administration of the public school system. N Y Const, Art IX, §3(a)(1); 1981 Op Atty Gen (Inf) 82. Finally, Real Property Tax Law §1308 provides that school taxes are to be levied upon all non-exempt real property within a district.
We conclude that there is no statutory authority for a village to remove itself from a school district and set up a fund to finance the education of any children who may live in the village in the future.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General